UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ALEX J. BERSCAK

                              Plaintiff(s),

- against -

NASSAU COUNTY, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER RONALD
CURABA, POLICE OFFICER THOMAS CURTAIN,
POLICE OFFICER JOHN DOE, NASSAU COUNTY
SHERIFF'S DEPARTMENT,
                              Defendant(s),
-------------------------------------------------------------------x

CIVIL ACTION NO.

COMPLAINT

JURY TRIAL DEMANDED

The plaintiff, complaining of the defendants, by his attorney RICHARD M. GUTIERREZ,

ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1.       Jurisdiction is founded upon the existence of a Federal Question.

2.       This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First,

Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section

1983) and arising under the law and statutes of the State of New York.

3.       Jurisdiction is founded upon U.S.C. Sections 1331, 1343(4), this being an action

authorized by law to redress the deprivation under color of law, statute, ordinance, regulation,

custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth and

Fourteenth Amendments of the Constitution of the United States.

4.       The matter in controversy exceeds, exclusive of interest and costs, the sum or

value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## PARTIES

5.      That the plaintiff, ALEX J. BERSCAK, is a resident of Nassau County, State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendants, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT and SHERRIF'S DEPARTMENT were and still are municipal corporations duly organized and existing under and by virtue of the laws (and Constitution) of the State of New York.

7.      Upon information and belief, that at all times hereinafter mentioned, the defendant, EXECUTIVE EDWARD P. MANGANO, is a resident of the County of Nassau and is an employee of the COUNTY OF NASSAU.

8.      Upon information and belief, that at all times hereinafter mentioned, the defendant, POLICE OFFICER RONALD CURABA, is a resident of the County of Nassau and an employee of THE NASSAU COUNTY POLICE DEPARTMENT.

9.      Upon information and belief, that at all times hereinafter mentioned, the defendant, POLICE OFFICER THOMAS CURTAIN, is a resident of the County of Nassau and an employee of THE NASSAU COUNTY POLICE DEPARTMENT

10.      Upon information and belief, that at all times hereinafter mentioned, the defendant, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY SHERRIF'S DEPARTMENT, its agents, servants and employees operated, maintained and controlled the Police officers thereof.

11.      The defendant, COUNTY OF NASSAU, is a local governmental agency duly

2

formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such are responsible for the policies, practices, and customs of the NASSAU COUNTY POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12.     This action arises under the United States Constitution, particularly under provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983) and arising under the law and statutes of the State of New York.

13.     Each and all of acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York and the County of Nassau, and under the authority of their office as police officers of said State and County.

## PENDENT STATE CLAIMS

14.     That the Notice of the Plaintiff's Claim for illegal detention, false arrest, false imprisonment, and negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon the Municipal Agents of the defendants, NASSAU COUNTY POLICE DEPARTMENT AND COUNTY OF NASSAU on or about 29th day of November, 2015.

15.     A 50-H hearing of plaintiff, Alex J. Berscak was conducted on June 10, 2016.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEX J. BERSCAK

3

16.     The plaintiff, ALEX J. BERSCAK, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "15" with the same force and effect as if more fully set forth herein.

17.     That on or about the 29th day of November, 2015, the plaintiff, ALEX J. BERSACK, was charged with of one count of Criminal Possession of Marihuana and Driving Without a License. Plaintiff was driving in Long Beach when he was stopped by the police and pulled over without an apparent reason. Two officers approached him and asked for his license and registration. At the time of the incident, the plaintiff had forgotten his wallet with all his documents.  During the arrest process, it was learned that plaintiff had an open warrant. Police officers did not inform plaintiff further about the particulars of the warrant.

18.     The defendants, their agents, servants, and employees acting within the scope of their authority and within the scope of their employment, transported the plaintiff, ALEX J. BERSACK, from the Long Beach police Department to Nassau County Police headquarters, on November 29, 2015. The plaintiff remained in the custody of the defendants, Nassau County Police Department and Nassau County Sheriff's Department, without seeing a judge for three (3) days, until December 1, 2015.

19.     That the plaintiff was not taken to Nassau County District to vacate the warrant eventhough the court was open and in session during the entire time he was incarcerated.

20.     That the plaintiff, ALEX J. BERSACK, was wholly innocent of said charges and did not contribute in any way to the conduct of the defendants, their agents, servants, and employees and was forced by the defendants to submit to the aforesaid detention thereto entirely against his will.

4

21.     That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to detain the plaintiff, ALEX J. BERSACK, in that the plaintiff was conscious of the detainment and it was not otherwise privileged.

22.     That by reason of detention on the Nassau County warrant the plaintiff, ALEX J. BERSACK, was subjected to great indignities, humiliation, and ridicule, greatly injured his credit and circumstances and was then there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment while being incarcerated and prosecuted.

25.     That by reason of the aforesaid, the plaintiff, ALEX J. BERSACK, has been damaged in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEX J. BERSACK

24.     Plaintiff, ALEX J. BERSACK, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "23" with the same force and effect as if more fully set forth herein.

25.     That the defendants, their agents, servants, and employees, negligently, and recklessly performed their police and corrections duties in that they failed to perform their duties as a trained officers would have used under similar circumstances in that they carelessly, recklessly, arrested and detained the plaintiff without making proper investigation, in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the said detention of the plaintiff, and the defendants, their agents, servants, and

5

employees negligently, carelessly and recklessly interfered with plaintiff's rights of free

movement on a public street; and in that the defendants, their agents, servants and employees were

otherwise negligent, careless, and reckless.

26.     That the aforesaid occurrence, to wit, the false arrest and detention, and the

resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the

negligence of the defendants, their agents, servants and employees without any negligence on the

part of the plaintiff.

27.     That by reason of the aforesaid, the plaintiff was injured in mind and body, still

suffers and upon information and belief, will continue to suffer physical and mental pain, and was

rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon

information and belief, be so incapacitated in the future, and has expended and incurred diverse

sums of money in an effort to cure himself of said injuries to extricate himself from the indignities

and humiliation foisted upon them by the actions of the defendants, their agents, servants, and

employees.

28.     That by reason of aforesaid, the plaintiff has been damaged in the sum of ONE

HUNDRED THOUSAND ($100,000.00) DOLLARS.

## AS AND FOR A THRID CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEX J. BERSCAK

29.     Plaintiff, ALEX J. BERSAK, repeats, reiterates and realleges each and every

allegation contained in paragraph marked "1" through "28" with the same force and effect as if

more fully set forth herein.

30.     That on or about the 29th day of November, 2015, the defendants wrongfully

6

detained the plaintiff, ALEX J. BERSACK, without bringing him to court to answer the warrant

and have a district Judge determine the merits of the warrant, including vacating it and deciding the

plaintiff's bail status.

31.     That by reason of aforesaid, the plaintiff has been damaged in the sum of ONE

HUNDRED THOUSAND ($100,000.00) DOLLARS.

### AS AND FOR FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ALEX J. BERSCAK

32.     Plaintiff, ALEX J. BERSACK, repeats, reiterates, and realleges each and every

allegation contained in paragraphs marked "1" through "31" with the same force and effect as if

more fully set forth herein.

33.     That on or about the 29th day of November, 2015, the plaintiff was arrested in

Long Beach at which time and place defendants were present as part of their regular and official

employment as police officers for the defendants NASSAU COUNTY POLICE DEPARTMENT

AND THE COUNTY OF NASSAU.

34.     That the defendants, their agents, servants, and employees failed to adequately

and properly hire, retain, train, supervise, discipline or in any other way control the behavior, and

the performances of the defendants, their agents, servants, and employees and their hiring

practices in the exercise of their police functions and their failure to enforce the laws of the State of

New York is evidence of the reckless lack of caution regarding the rights of the public including

plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals

would show in executing the duties of the defendants.

35.     The failure of the defendants, their agents, servants and employee to hire, train,

supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York, the COUNTY OF NASSAU and the NASSAU COUNTY POLICE DEPARTMENT willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizen of the State of New York and the County of Nassau including the plaintiff.

36.     Due to the acts of the defendants, their agents, servants and employees herein, the failure of the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY SHERRIFF'S DEPARTMENT, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU to discipline and properly hire the defendants and the continued employment of the defendants represent a clear and present danger to the citizens of the County of Nassau and the State of New York.

37.     That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff, and, in that each that all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau and under the authority of their office as police officers for said Municipalities.

38.     As a direct result of the illegal action and conduct on the part of the defendants, their agents, servants, and employees, the plaintiff, ALEX J. BERSACK, was falsely arrested, detained and confined for three (3) days before appearing in court to vacate a warrant.

39.     That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendants, NASSAU COUNTY POLICE DEPARTMENT,

8

NASSAU COUNTY SHERRIFF'S DEPARTMENT, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, and THE COUNTY OF NASSAU , and were acting under the color of their official capacity and their acts were performed under the color of policies, statutes, ordinances, rules and regulations of NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY SHERRIFF'S DEPARTMENT.

40.     That all the time hereinafter mentioned, defendant, POLICE OFFICER RONALD CURABA, and POLICE OFFICER THOMAS CURTAIN, were acting pursuant to orders and directives from the defendants, NASSAU COUNTY EXECUTIVE EDWARD P. MANGANO, NASSAU COUNTY POLICE DEPARTMENT, AND THE COUNTY OF NASSAU.

41.     That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of the law, to wit: under color of statutes, ordinances, regulations, customs and usage of the COUNTY OF NASSAU and the defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned to the injury of the plaintiff, ALEX J. BERSACK, and deprived said plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

42.     The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, ALEX J. BERSACK, of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York.

43.     The right of plaintiff, ALEX J. BERSACK, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States.

9

44.     The right of plaintiff, ALEX J. BERSACK, not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendments to the Constitution of the United States.

45.     That by reason of the aforesaid violations, false arrest, false imprisonment, and failure to be produced in court to vacate a warrant caused by the defendants, their agents, servants, and employees wrongfully deprived the plaintiff, ALEX J. BERSACK, and compeled him to abandon his rights and privileges as provided to him by the Constitution of the United States of America, and provided to him in the Constitution of the State of New York, and laws related thereto.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION ............................................. $100,000.00

ON THE SECOND CAUSE OF ACTION ......................................... $100,000.00

ON THE THIRD CAUSE OF ACTION ............................................. $100,000.00

ON THE FOURTH CAUSE OF ACTION ......................................... $100,000.00

Forest Hills, NY
January 24, 2017

Yours, etc.

Richard M. Gutierrez, Esq.
Attorney for the plaintiff
118-35 Queens Boulevard
Suite 1500
Forest Hills, NY 11375

10

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: Forest Hills, New York
      January 30, 2017

                                    RICHARD M. GUTIERREZ, ESQ.

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
<u>Civil Action No.:</u>

ALEX J. BERSCAK

Plaintiff,

**-against-**

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER RONALD CURABA, POLICE OFFICER THOMAS CURTAIN,
POLICE OFFICER JOHN DOE, NASSAU COUNTY SHERIFF'S DEAPRTMENT,

Defendant(s)

**COMPLAINT**

**RICHARD M. GUTIERREZ, ESQ.**
*Attorney for Shaquan Butler*
**118-35 QUEENS BOULEVARD SUITE 1500**
**FOREST HILLS, NY 11375**
**Telephone No.: 718-520-0663**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that,*
*upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*
Dated: <u>**January 30, 2017**</u>       Signature: *Richard M. Gutierrez*
                    *Print Signer's Name* RICHARD M. GUTIERREZ, ESQ.

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

..................................................................
                    *Attorney(s) for*

PLEASE TAKE NOTICE

                    *that the within is a (certified) true copy of a*
                    *entered in the office of the clerk of the within named Court on*

NOTICE OF
ENTRY

                    *that an Order of which the within is a true copy will be presented for settlement to the*
                    *Hon.*                                    *One of the judges of the within named court,*
NOTICE OF           *at*
SETTLEMENT
                                                        *on*                    *, at*

*Dated:*
*To:*                                    **RICHARD M. GUTIERREZ, ESQ**
                                        118-35 QUEENS BOULEVARD SUITE 1500
                                        FOREST HILLS, NEW YORK 11375

*Attorney(s) for*